# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) ) ) Chapter 11 |
| WESTWIND MANOR RESORT ASSOCIATION, INC., *et al.*,[1] | ) ) ) Case No. 19-50026 (DRJ) ) |
| Debtors. | ) Jointly Administered ) ) |

## CREDITOR TRUST'S SECOND MOTION TO EXTEND THE DEADLINE TO FILE CLAIM OBJECTIONS

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Westwind Manor Resort Association, Inc. (7533); Warrior ATV Golf, LLC (3420); Warrior Acquisitions, LLC (9919); Warrior Golf Development, LLC (5741); Warrior Golf Management, LLC (7882); Warrior Golf Assets, LLC (1639); Warrior Golf Venture, LLC (7752); Warrior Premium Properties, LLC (0220); Warrior Golf, LLC (4207); Warrior Custom Golf, Inc. (2941); Warrior Golf Equities, LLC (9803); Warrior Golf Capital, LLC (5713); Warrior Golf Resources, LLC (6619); Warrior Golf Legends, LLC (3099); Warrior Golf Holdings, LLC (2892); and Warrior Capital Management, LLC (8233). The address of the Debtors' corporate headquarters is 15 Mason, Suite A, Irvine, California 92618.

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Jeremy Rosenthal, in his capacity as the Creditor Trustee (the "**Creditor Trustee**") of the Creditor Trust (the "**Creditor Trust**") pursuant to the Plan (as such term is defined herein below) as confirmed by the Confirmation Order (as such term is defined herein below), for the above-referenced jointly administered cases of Westwind Manor Resort Association, Inc., *et al.* (the "**Debtors**"), hereby files this *Creditor Trust's Second Motion to Extend the Deadline to File Claim Objections* (the "**Motion**"). In support of the Motion, the Creditor Trust respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

## BACKGROUND

**A.      General Case Background**

2. On March 4, 2019, April 4, 2019, and May 30, 2019, an aggregate of 16 entities each filed a petition in the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

3. On March 19, 2019, the Office of the United States Trustee for the Southern District of Texas appointed an Official Committee of Unsecured Creditors (the "**Committee**") in the Chapter 11 Cases pursuant to Section 1102(a) of the Bankruptcy Code.

4. A detailed description of the Debtors' business and the facts precipitating the filing of the Chapter 11 Cases are set forth in the *Declaration of Jeremy Rosenthal in Support of Debtors'*

*Chapter 11 Petitions and First Day Relief* [Docket No. 9] (the "**First Day Declaration**"). Those facts are incorporated herein by reference.

5. On March 18, 2020, the Bankruptcy Court entered the Order approving the Disclosure Statement at Docket No. 783 (the "**Disclosure Statement and Solicitation Order**"), *inter alia*, approving of the *Debtors' First Amended Disclosure Statement for the Joint Plan of Reorganization Proposed by the Debtors and the Committee Pursuant to Section 1125 of the Bankruptcy Code* [Docket No. 786] (the "**Disclosure Statement**"). The Disclosure Statement is in reference to the *Debtors' and Committee's First Amended Joint Plan of Reorganization* [Docket No. 787] (the "**Plan**"). The Disclosure Statement and Plan are incorporated herein by this reference.

6. On June 15, 2020, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Joint Chapter 11 Plan as of March 22, 2020* [Docket No. 999] (the "**Confirmation Order**"), confirming the Plan.

7. On August 5, 2020, the Debtors filed that certain *Notice of: Confirmation of Plan, Permanent Injunction, Various Deadlines, Effective Date; and Deadline for Filing Administrative Claims and Claims Arising from the Rejection of Executory Contracts and Unexpired Leases* [Docket No. 1087], setting forth that, *inter alia*, the Effective Date (as such term is defined in the Plan) occurred on August 5, 2020 (the "**Effective Date**").

8. The Confirmation Order and Plan, among other things, approved the formation of the Creditor Trust and the appointment of Jeremy Rosenthal as the Creditor Trustee to administer the Creditor Trust. *See, e.g.,* Confirmation Order, at ¶¶ K, 14-18; Plan, at § 5.15

9. Pursuant to the Plan, the Creditor Trust is charged with maximizing value for the benefit of its beneficiaries (the "**Creditor Trust Beneficiaries**"), all as more fully set forth in the

3

Plan and Confirmation Order. Since the Effective Date, the Creditor Trust has accessed a portion of it limited resources to continue to investigate and analyze causes of action against, *inter alia*, the Debtors' former officers and directors and other parties that could result in a the receipt of value to the Creditor Trust for the benefit of the Creditor Trust Beneficiaries. The results of the Creditor Trust's efforts in this regard culminated in the filing of S.D. Tex. Adv. P. No. 21-03035 against, *inter alia*, the Debtors' former prepetition directors and officers (the "**Litigation**"). The Creditor Trust has further pursued the sale of certain of the assets, principally golf courses and assets related thereto, vested in the Creditor Trust pursuant to the Plan and Confirmation Order for the benefit of the Creditor Trust Beneficiaries. At this time, the Creditor Trustee is continuing to market a number of golf courses and other assets in order to generate the highest and/or best value for the Creditor Trust.

**B.     The Deadline to Object to General Unsecured Claims**

10.     The Plan and Confirmation Order established the Creditor Trust and appointed the Creditor Trustee, "for the benefit of the Creditor Trust Beneficiaries on the Effective Date . . . ." Plan, at § 5.15(1). Furthermore, "The Plan and the Creditor Trust Agreement shall govern the management and the administration of the Creditor Trust and the respective rights, powers, and obligations of the Creditor Trustee and the Creditor Trust Beneficiaries, including the Creditor Trustee's power to take the reasonable actions necessary or appropriate to fulfill the purpose of the Plan, including (a) fling prosecuting, settling, or otherwise resolving any objection to Investor Claims, Convertible Note Claims or Claims of Excluded Parties, as set forth in the Creditor Trust Agreement . . . ." Plan, at § 5.15(2).

11.     In this regard, the Plan also sets forth that the "Reorganized Debtors or the Creditor Trustee, as applicable, shall have authority to file objections to any Claim and to withdraw any objections to any Claim that they may file." Plan, at § 9.02(1). The deadline by which the Creditor

Trustee and Reorganized Debtors must object to claims was originally set as December 3, 2020 (the "**Claim Objection Deadline**"). *See* Plan, at §§ 1.02(30), 9.02(3). However, the Plan sets forth that "The Claim Objection Deadline may be extended by the Bankruptcy Court upon motion by the Reorganized Debtors or the Creditor Trustee, as applicable." Plan, at § 9.02(3).

12. On November 16, 2021, the Court entered the *Order Granting Creditor Trust's Motion to Extend the Deadline to File Claim Objections* [Docket No. 1157], which extend the Claim Objection Deadline to June 1, 2021.

C. **The Claims Reconciliation Process**

13. On March 19, 2020, the Court entered the *Order Implementing Complex Chapter 11 Bankruptcy Case Treatment and Transferring Venue* [Docket No. 66] (the "**Complex Case Order**"), which set forth "Unless a different date is subsequently ordered by the Court, the bar date for the filing of proofs of claim and proofs of interest is (1) 180-days after the petition date for governmental units; and (i) [sic] for all other entities, 90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a)." Complex Case Order, at ¶ 5.

14. On March 35, 2020, the Debtors filed the *Notice of Request for Amended (Later) Proof of Claim Bar Dates* [Docket No. 77], which set forth the Debtors' intent to seek to establish bar dates beyond those set forth in the Complex Case Order.

15. On July 12, 2018, the Court entered the *Order (I) Setting Bar Dates for Filing Claim/Interest Forms, Including Requests for Payment Under Section 502(b)(9), (II) Establishing Amended Schedules Bar Date (iii) Establishing Petition Fling Authority Objection Deadline, (IV) Approving the Form and Manner for Filing Claim/Interest Forms, Including 503(b)(9) Requests, (V) Approving Notice of Bar Dates, and (VI) Establishing Authority Objection Bar Date* [Docket No. 333] (the "**Bar Date Order**"), which, *inter alia*, approved of the form of customized proof of

claim forms for not only general unsecured creditors but those parties which were former investors in certain of the Debtors as well as holders of certain convertible notes.

16. In addition, the Bar Date Order also established August 30, 2019, at 5:00 p.m., prevailing Central Time as the general bar date by which all entities, other than governmental units, to file an appropriate and applicable Claim/Interest Form (as such term is defined in the Bar Date Order) (the "**General Bar Date**"). The Bar Date Order also established November 15, 2019, at 5:00 p.m., prevailing central time, as the deadline by which governmental units must file an appropriate Claim/Interest Form (the "**Governmental Unit Bar Date**" and collectively with the General Bar Date, the "**Bar Dates**").[2]

17. The official claims register, prepared and maintained by the Debtors' claims agent, reflects that over 4,000 Claims (as such term is defined in the Plan) were filed against the Debtors' estates, and that such Claims represented in the aggregate in excess of $125 million in unsecured, non-priority claims among Classes 4, 5, and 6 of the Plan (collectively, the "**Claims**").

18. Since the Effective Date, the Creditor Trustee and its advisors have been working diligently to pursue various avenues of recovery for the benefit of the Creditor Trust Beneficiaries, including pursuing the sale of certain real property vested in the Creditor Trust (whether directly or indirectly) pursuant to the Plan and Confirmation Order as well as continuing to pursue the Litigation.

---

[2] The Bar Date Order also established the deadline by which Claims related to any amendment of the Debtors Statements of Financial Affairs and Schedules of Assets and Liabilities (collectively, the "**Schedules and Statements**"), would be the later of the General Bar Date and 5:00 p.m. (prevailing Central time) on the date that was 30 days following the date on which an such amended Schedules and Statements were filed. However, the Debtors have not yet filed any amended Schedules and Statements.

**RELIEF REQUESTED**

19.  The Creditor Trustee respectfully requests a 183-day extension of the Claims Objection Deadline through December 1, 2021.

20.  Pursuant to the Plan, the Creditor Trustee is authorized to seek an extension of the Claims Objection Deadline.  *See* Plan, at § 9.02(3).

21.  The Creditor Trustee has spent the time following the Effective Date diligently pursuing the sale certain of the assets vested in the Creditor Trust, such as certain of the Debtors Golf Courses and other real estate related assets, as well as focusing on the operations of the Debtors' custom golf equipment manufacturing business, vested in the Reorganized Debtors pursuant to the Plan and Confirmation Order.  In addition, the Creditor Trustee and his counsel have expended substantial effort in pursuing the Creditor Trustee's investigation into potential causes of action and efforts to pursue the same, which resulted in the filing of the Litigation.  The Creditor Trustee also expended substantial effort pursuing more cost-effective financing to replace the existing Exit Facility (as such term is defined in the Plan and Confirmation Order).

22.  Accordingly, the Creditor Trustee's efforts to date have been focused on pursuing value-maximizing recoveries for the beneficiaries of the Creditor Trust and establishing cost-conscious and efficient operations for the Reorganized Debtors in order to maximize the value of the assets in the Creditor Trust for their eventual distribution.  Given the substantial activity to date in order to maximize the value of the assets of the Creditor Trust coupled with the minimal funds presently in the Creditor Trust, the Creditor Trustee believes that it is in the best interest of the Creditor Trust and the Creditor Trust Beneficiaries to begin the Claims reconciliation process, including objecting to Claims, once there is a better indicia of distributable value to the Creditor Trust Beneficiaries on account of the Claims.   In this regard, it is unlikely that any value will be

distributable to holders of Claims until and unless the Creditor Trust generates a meaningful recovery in the Litigation and/or the remaining golf courses are sold expeditiously for amounts at the top of their anticipated sales range. By waiting until there is clarity on the assets available for distributions on Claims, the Creditor Trustee will be better positioned to engage in the Claims reconciliation process in the most reasonably cost-efficient manner possible.

23. Based on the foregoing, the Unsecured Creditor Trust respectfully requests that the Court extend the Claims Objection Deadline through December 1, 2021.

**WHEREFORE**, the Unsecured Creditor Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

Dated:  May 24, 2021

Respectfully submitted,

By:  */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
**PACHULSKI STANG ZIEHL & JONES LLP**
440 Louisiana Street, Ste 900
Houston, TX  77002
(713) 691-9385
(713) 691-9407 (fax)
mwarner@pszjlaw.com
bwallen@pszjlaw.com

*Counsel for Jeremy Rosenthal, solely in his capacity as Creditor Trustee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2021, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

*/s/ Michael D. Warner*
Michael D. Warner
